UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x

|  |  |  |
|---|---|---|
| *In re:* |  |  |
|  | : |  |
|  | : | Chapter 13 |
| Agustin Mejia | : | Case No. 24-22488 (CGM) |
|  | : |  |
| *Debtor.* |  |  |

----------------------------------------------------x

**MEMORANDUM DECISION GRANTING THE CHAPTER 13 TRUSTEE'S
MOTION FOR CONTEMPT**

**A P P E A R A N C E S :**

*Chapter 13 Trustee*
THOMAS C. FROST, ESQ.
399 Knollwood Road
White Plains, NY 10603

*Attorney for Debtor*
KENNETH ROSELLINI
636A Van Houten Avenue
Clifton, New Jersey 07013

**CECELIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE**

## Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a); 28

U.S.C. § 157(a); the Standing Order of Reference signed by Chief Judge Loretta A.

Preska dated January 31, 2012; and *In re* Petrie Retail, Inc., 304 F.3d 223 (2d Cir.

2002) ("A bankruptcy court retains post-confirmation jurisdiction to . . . enforce its own orders.").

This is a "core proceeding" under 28 U.S.C. § 157(b)(2).

## Background

On June 3, 2024 ("Petition Date"), Kenneth Rosellini ("Mr. Rosellini") filed a Chapter 13 petition for relief in this court ("Court") on behalf of Agustin Mejia ("Debtor"). The substantially deficient petition failed to attach the required documentation by June 17, 2024, the deadline for incomplete filings. In fact, Mr. Rosellini never filed the required documentation to adequately represent Debtor in a chapter 13 case. On June 4, 2024, the Court issued a notice for a hearing on July 31, 2024 to consider automatic dismissal of Debtor's case.

On July 27, 2024, neither Debtor nor Mr. Rosellini appeared for the section 341(a) meeting of the creditors ("341 Meeting"). The 341 Meeting was adjourned to August 7, 2024. On July 18, 2024, Mr. Rosellini filed an untimely application ("Extension Motion") seeking extension of time to file schedules. *See* Mot. To Extend Deadline to File Schedules or Provide Required Info., Case No. 24-22488-cgm, ECF No. 10. The Extension Motion was filed over one month after the required documentation was due, and well after the fourteen (14)-day period proscribed by Bankruptcy Rules 1007(c), 3015(b), and 9006(b). *See* FED. R. BANKR. PRO. 1007(c),

3015(b), 9006(b). The Court adjourned the July 31, 2024 hearing date for August 28, 2024 to hear automatic dismissal and the Extension Motion simultaneously.

On August 26, 2024—just two (2) days before the hearing on automatic dismissal and the Extension Motion—Mr. Rosellini filed a notice seeking to withdraw the Extension Motion and dismiss the Debtor's case. *See* Mot. to Dismiss, Case No. 24-22488-cgm, ECF No. 13; Notice of Withdrawal, Case No. 24-22488-cgm, ECF No. 14.

Continuing the pattern in this case and others filed by Mr. Rosellini, as set forth below and in detail in the chapter 13 trustee's ("Chapter 13 Trustee") motion seeking an order to show cause ("Motion for Order to Show Cause"), neither Mr. Rosellini nor Debtor appeared for the August 28 hearing. Unsurprisingly, neither Mr. Rosellini nor Debtor appeared for the adjourned 341 Meeting on August 7, 2024, either.

At the August 28 hearing on Mr. Rosellini's Extension Motion, which Mr. Rosellini failed to appear for, the Chapter 13 Trustee detailed the concerning history of Mr. Rosellini's conduct in this case and in other cases filed by Mr. Rosellini in this Court. Particularly, with respect to Mr. Rosellini's failure to appear for court hearings and section 341(a) meetings, failure to file required documentation, and blatant disregard for this Court's prior orders. The Court granted dismissal of Debtor's case and retained jurisdiction over Mr. Rosellini on the Motion for Order

to Show Cause, which was filed on September 18, 2024. *See* Mot. Seeking Order to Show Cause, Case No. 24-22488-cgm, ECF No. 17; Order Granting Mot. to Dismiss Case, Case No. 24-22488-cgm, ECF No. 15.

This is not Mr. Rosellini's first, second, or third time failing to adequately represent his client in this Court. In the last four (4) cases[1] in which Mr. Rosellini appeared as counsel for a chapter 13 or chapter 7 debtor in this Court, Mr. Rosellini has (i) filed petitions without the proper documentation, (ii) failed to appear for court hearings and section 341(a) meetings, and (iii) failed to make payments, all as required by the Bankruptcy Code and Bankruptcy Rules. *See In re* Badusha Redzeposki, Case No. 22-22327-cgm, ECF Nos. 11, 14 (voluntarily dismissing case after failing to file attorney disclosure statements, schedules, chapter 13 model plan, among other required documentation); *In re* Sanchez, Case No. 22-22214-cgm, ECF No. 16 (voluntarily dismissing case after failing to appear for section 341(a) meeting, failing to make payments, failing to file attorney disclosure statements, schedules, chapter 13 model plan, among other required documentation); *In re* Scanlan, Case No. 19-23120-shl, ECF Nos. 28, 33 (same); *In re* Williams, Case No. 19-36202-cgm, ECF No. 31 (dismissing case for failing to attend section 341(a) meeting, failing to make payments, failing to file schedules and statements, chapter 13 plan,

---

[1] The United States Trustee's Statement (as defined below) details additional cases filed by Mr. Rosellini in this jurisdiction resulting in sanctions imposed upon him for failing to adequately represent his clients. *See* Statement of United States Trustee Re: Mot. to Reconsider, Case No. 19-23120-shl, ECF No. 35.

Page **4** of **19**

among other required documentation). Mr. Rosellini's practice and pattern of filing cases and abandoning them is clearly not unfamiliar to this Court.

Sanctions were considered and imposed against Mr. Rosellini in three of those cases. *See* Order Directing Attorney's Fees Disgorged, Case No. 22-22327-cgm, ECF No. 30 (disgorging $1,700 in attorney's fees and "directing Mr. Rosellini to appear within 14 days the next time he files a petition without the proper documentation. Mr. Rosellini was warned that he will be reported to the grievance committee next time he fails to provide proper documentation timely"); Order Imposing Sanctions, Case No. 19-23120-shl, ECF No. 26 (disgorging all attorney's fees and imposing sanctions in the amount of $1,000 for failing to adequately represent his client and prosecute Debtor's case); Order Disgorging Legal Fees, Case No. 19-36202-cgm, ECF No. 22 (disgorging all prepetition attorney's fees for failing to adequately represent his client).

In the most recent case filed by Mr. Rosellini in this Court, *In re* Badusha Redzeposki, the Court entered an order dated October 7, 2022 (the "Redzeposki Order"), disgorging attorney's fees and directing Mr. Rosellini to, in no uncertain terms, ". . . appear within 14 days the next time he files a petition without the proper documentation. Mr. Rosellini was warned that he will be reported to the grievance committee [the] next time he fails to provide proper documentation timely." *See* Order Directing Attorney's Fees Disgorged, Case No. 22-22327-cgm, ECF No. 30.

The Court entered the Redzeposki Order based upon an order to show cause issued for Mr. Rosellini's failure to appear at a hearing on his own motion and failure to file required documentation in that case.  *See* Order to Show Cause, Case No. 22-22327-cgm, ECF No. 12.

Mr. Rosellini's conduct in *In re* Scanlan and the findings in connection therewith drive the point home: Mr. Rosellini files individual or consumer cases under chapter 7 or chapter 13 in this Court and then abandons them. After failing to file schedules, a chapter 13 plan, a timely 2016(b) statement, make any payments, appear at section 341(a) meetings, among other things, the chapter 13 trustee in *In re* Scanlan filed a motion to dismiss.  *See* Mot. to Dismiss, Case No. 19-23120-shl, ECF No. 11.  Instead of addressing the deficiencies in the trustee's motion to dismiss, consistent with Mr. Rosellini's conduct in this case and others filed in this Court, Mr. Rosellini failed to attend the hearing on the motion to dismiss.  As a result, the Court entered an order to show cause directing Mr. Rosellini to appear at the next hearing and show cause as to why any fees that Mr. Rosellini had received should not be disgorged.  *See* Order to Show Cause, Case No. 19-23120-shl, ECF No. 15. Mr. Rosellini predictably again failed to appear at the hearing on the order to show cause,[2] which was adjourned to February 12, 2020.  *See* Notice on Adjournment of

---

[2] Mr. Rosellini filed a letter "apologiz[ing] for not appearing" because "[he] was not aware that the Order to Show Cause . . . was rescheduled to January 8 . . . ." *See* Letter from Kenneth Rosellini, counsel to Debtor, to Honorable Sean H. Lane, Judge, dated January 14, 2020 (on file with Court at ECF No. 17). This Court, as it did in 2020, does

Hearing, Case No. 19-23120-shl, ECF No. 18. At the February 12, 2020 hearing, the presiding judge directed Mr. Rosellini to "follow the rules" when filing cases and requested the United States trustee ("United States Trustee") to provide a report ("Report") regarding Mr. Rosellini's conduct in every debtor's case he has filed in this jurisdiction. *See* Statement of United States Trustee Re: Mot. to Reconsider, Case No. 19-23120-shl, ECF No. 35. On May 21, 2020, the Court entered an order imposing sanctions on Mr. Rosellini in the amount of $1,000 plus disgorgement of any attorney's fees received. *See* Order Imposing Sanctions, Case No. 19-23120-shl, ECF No. 25.

Prior to completing the Report, the United States Trustee filed a statement ("Statement") detailing strikingly similar conduct by Mr. Rosellini in which he appeared as counsel in four (4) prior cases[3] for an individual or consumer debtor in chapter 7 or chapter 13 in this jurisdiction. *See id.* All four (4) bankruptcy or district courts sanctioned him. *See id.* The Statement highlights Mr. Rosellini's modus operandi: filing skeletal petitions on behalf of clients, doing nothing else, being sanctioned as a result, and having his cases dismissed. While Mr. Rosellini has been properly sanctioned on numerous occasions for failing to adequately represent his

---

not find it persuasive that Mr. Rosellini should be graced for his inability to stay apprised of developments in his client's cases.

[3] Out of the four (4) prior cases described in the Statement, only one (1), *In re* Williams, Case No. 19-36202-cgm, was covered in the paragraph discussing the four (4) most recently filed chapter 7 or 13 cases by Mr. Rosellini in this Court.

clients, he has not been deterred from disgorging attorney's fees alone, as exhibited by his repeated, violative conduct.

## Discussion

### I. Contempt of Court

The Court must consider whether Mr. Rosellini should be held in contempt of court for violating the Redzeposki Order. A court injunction combined with 11 U.S.C. § 105(a) provides the basis for a bankruptcy court's civil contempt power. *PHH Mortg. Corp. v. Sensenich* (*In re Gravel*), 6 F.4th 503, 512 (2d Cir. 2021) (citing *Taggart v. Lorenz*, 139 S. Ct. 1795, 1801 (2019)). 11 U.S.C. § 105(a) states that "the [bankruptcy] court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This statutory power follows the tradition of federal courts imposing civil contempt sanctions to correct non-compliance with their injunctions. *Taggart*, 139 S. Ct. at 1801.

To determine whether a party should be held in contempt for violating a court order, "a court must find that (i) the order the party failed to comply with is clear and unambiguous, (ii) the proof of noncompliance is clear and convincing, and (iii) the party has not diligently attempted to comply in a reasonable manner." *Rushmore Loan Mgmt. Servs., L.L.C. v. Hosking* (*In re Hosking*), 2016 U.S. Dist. LEXIS 3492, at *15 (S.D.N.Y. January 11, 2016). "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate

'reasonable certainty' that a violation occurred." *In re* Chief Exec. Officers Clubs, 359 B.R. 527, 535 (2d Cir. 1995). Courts should only resort to civil contempt if there is no "fair ground of doubt" about a party's wrongful conduct. *Taggart*, 139 S. Ct. at 1801. The standard is an objective one: A party's "subjective belief that she was complying with an order ordinarily will not insulate her from civil contempt if that belief was objectively unreasonable." *Id.* at 1797.

### A. The Redzeposki Order is Clear and Unambiguous.

The Redzeposki Order must be clear and unambiguous to hold Mr. Rosellini in contempt of court for violating it. *Rushmore*, 2016 U.S. Dist. LEXIS 3492 at *15. The Redzeposki Order provided the following language:

> The Court also directed Mr. Rosellini to appear within 14 days the next time he files a petition without the proper documentation. Mr. Rosellini was warned that he will be reported to the grievance committee next time he fails to provide proper documentation timely.

Order Directing Attorney's Fees Disgorged, Case No. 22-22327-cgm, ECF No. 30. The Redzeposki Order plainly states that Mr. Rosellini must appear within fourteen (14) days upon the filing of a petition without the proper documentation or risk being reported to the grievance committee. The Redzeposki Order is clear and unambiguous.

### B. Mr. Rosellini's Failure to Comply with the Redzeposki Order is Clear and Convincing.

A party's failure to comply with a court's order must be clear and convincing to hold a party in contempt of court. *Rushmore*, 2016 U.S. Dist. LEXIS 3492 at *15.

The Chapter 13 Trustee and United States Trustee provide this Court with ample evidence concerning Mr. Rosellini's conduct in violation of the Redzeposki Order. In the present case, the Chapter 13 Trustee provides evidence that Mr. Rosellini filed a petition without the proper documentation and failed to appear within fourteen (14) days, per the Redzeposki Order. Mr. Rosellini filed a bare-bones petition on behalf of Debtor on June 3, 2024. *See* Vol. Pet., Case No. 24-22488-cgm, ECF No. 1. The petition contained none of the required documentation, such as schedules, a chapter 13 plan, or a 2016(b) statement. *See* Notice of Hearing on Automatic Dismissal, Case No. 24-22488-cgm, ECF No. 4. Mr. Rosellini was notified of the deficient filings in the present case on June 4, 2024. *See* Deficiency Notice, Case No. 24-22488-cgm, ECF No. 3. The first time Mr. Rosellini appeared in Court for the Debtor's case was on October 9, 2024—one-hundred and twenty-eight (128) days after filing a petition without the proper documentation—well past the fourteen (14)-day period proscribed by the Redzeposki Order. *See* Mot. Seeking Order to Show Cause, Case No. 24-22488-cgm, ECF No. 17 ("[As of September 18, 2020], Counsel has never appeared before the Court as required by the Redzeposki

Order, nor did he appear at the hearing on his own client's Motion to Dismiss, & Confirmation hearing held on August 28, 2024.").

While the United Trustee's Statement was made in the *In re* Scanlan case and not the present case, its findings reaffirm this Court's understanding that Mr. Rosellini's conduct in the present case is not new or unusual. In fact, it is consistent with the conduct Mr. Rosellini has taken in numerous other cases in which he appeared as counsel for an individual debtor in chapter 7 or chapter 13 in this Court. The Statement highlights that, in addition to the sanctions imposed in *In re Scanlan*, "[a]t least four other bankruptcy and district courts have also sanctioned Mr. Rosellini, and the Courts of Appeal for the Second and Third Circuits have affirmed two of these sanctions order." *See* Statement of United States Trustee Re: Motion to Reconsider, Case No. 19-23120-shl, ECF No. 35; *see also* Order Imposing Sanctions, Case No. 19-23120-shl, ECF No. 26.

The quantum of proof before the Court demonstrates with reasonable certainty that Mr. Rosellini clearly violated this Court's Redzeposki Order.

### C. Mr. Rosellini Has Not Diligently Attempted to Comply with the Redzeposki Order in a Reasonable Manner.

The party in contempt must not have diligently attempted to comply with the court's order in a reasonable manner. *In re* Chief Exec. Officers' Clubs, 359 B.R. 527, 535 (2d Cir. 1995) (*citing* New York State NOW v. Terry, 886 F.2d 1339, 1351 (2d Cir.1989)). Mr. Rosellini's conduct in the present case demonstrates a blatant

disregard for the Redzeposki Order. Mr. Rosellini filed a substantially deficient chapter 13 petition on behalf of Debtor on June 3, 2024. Since then, Mr. Rosellini has repeatedly failed to appear in Court for scheduled hearings or on Zoom for scheduled section 341(a) meetings, let alone appear in Court within fourteen (14) days of the Petition Date.

Mr. Rosellini has made no attempt at purging his violative conduct. The opposition to the Chapter 13 Trustee's Motion for Order to Show Cause (the "Opposition"), as well as the letters filed on October 9, 2024[4], do him no favors. The Opposition prays the Court will find it convincing that Mr. Rosellini "did not recall when filing this case that there was a provision or reference at a hearing in th[e] [*Redzeposki*] case which might apply to any future case." It does not. Mr. Rosellini, as a member of the bar and officer of the court, is responsible for strictly adhering to court orders. *See, e.g.*, Syntel Sterline Best Shores Mauritius Ltd. V. TriZetto Grp., 328 F.R.D. 100, 103 (S.D.N.Y. 2018). The Opposition incorrectly relies on the fact that Mr. Rosellini has not been paid that, "there is, therefore, no disgorgement of attorney's fee issue pursuant to 11 U.S.C. §329, 11 U.S.C. §330, FRBP 2016 or FRBP 2017." While Mr. Rosellini may be correct that there is no practical impact of disgorgement of attorney's fees in this case, this Court disagrees

---

[4] Letter from Kenneth Rosellini, counsel to Debtor, to Honorable Cecelia G. Morris, Judge, dated October 9, 2024 (on file with Court at ECF Nos. 24, 25).

that there is "no disgorgement" and, as discussed below, directs disgorgement to the extent any fees are received for legal services apparently rendered in this case. It is the responsibility of an attorney—whether being paid or acting pro bono—to act in the best interests of his client. *See* Model Rules of Pro. Conduct: Preamble & Scope (Am. Bar Ass'n 1983); *see also Smith v. Arnone*, 700 F.App'x 55, n.1 (2d Cir. 2017) ("[T]hose who undertake pro bono representation owe their clients the same duty of zealous advocacy that they owe to paying clients.").

## II. Sanctions

Sanctions for civil contempt may "serve either to coerce the contemnor into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance." *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1352 (2d Cir. 1989) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947)). Where the purpose of contempt is to make a party comply, a court must exercise discretion in determining the proper sanction. *See In re* Chief Exec. Officers Clubs, Inc., 359 B.R. 527, 530. The court must consider the "character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about compliance with the court order." *Id.* Where the purpose of contempt is to compensate the complainant, compensation should be awarded for the actual damages incurred. *See In re Haemmerle*, 529 B.R. 17, 26 (Bankr. E.D.N.Y. 2015);

*In re Nicholas*, 457 B.R. 202, 224 (Bankr. E.D.N.Y. 2011).  Compensatory damages may include "attorneys' fees; litigation costs; travel expenses; other actual losses, such as wages or business income; and possibly emotional distress damages." *In re Haemmerle*, 529 B.R. at 26 (citations omitted).  Bankruptcy courts may also impose contempt sanctions in a non-nominal amount for on-going non-compliance with a court's orders. *See In re* Markus, 78 F.4th 554, 562, 570 (2d Cir. 2022) (affirming imposition of "per diem sanctions in the amount of $1,000 per day, for a total of $55,000" and "$36,600 in attorneys' fees" against attorney).

Bankruptcy courts possess inherent discretion to fashion sanctions for civil contempt. *See In re* Sledziejowski, No. 13-22050 (RDD), 2015 WL 2128595, at *5 (Bankr. S.D.N.Y. May 5, 2015) (citing *In re* Ngang Gung Restaurant, 1996 U.S. Dist. LEXIS 18877, at *16 (S.D.N.Y. Dec. 20, 1996) ("It is generally agreed that bankruptcy courts possess the same inherent sanction power that district courts enjoy.")); *see id.* ("Pursuant to this inherent power, courts have broad discretion to fashion appropriate sanctions . . . ."); *see also In re* Chief Exec. Officers' Clubs, 359 B.R. 527, 534 (2d Cir. 1995); Chambers v. Nasco, Inc., 501 U.S. 32, 44–45 (1991)) (noting that bankruptcy courts have fashioned a variety of sanctions that have been upheld on appeal); *Ex parte* Robinson, 86 U.S. 505, 510 (1874) ("The power to punish for contempt is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the

judgments, orders and writs of the courts and, consequently, to the due administration of justice.").

This discretion includes the imposition of monetary sanctions in the form of attorneys' fees and other continuing monetary penalties on a party while non-compliance continues. *See In re* Covelli, 550 B.R. at 269, 271 (imposing daily monetary penalty on party during non-compliance); *In re* Olsen, 358 B.R. 609, 627–28 (Bankr. S.D.N.Y. 2007) (ordering payment of attorneys' fees expended responding to frivolous motions and for ignoring court order); *In re* Nicholas, 457 B.R. 202, 224, 228 (Bankr. E.D.N.Y. 2011) (holding party in contempt and awarding attorneys' fees and $5,000 in punitive damages after the party commenced an action in state court in knowing violation of a discharge injunction). There is no requirement in the Second Circuit for the violator to have acted willfully to award attorney's fees. *See In re* Eppolito, 583 B.R. 822, 829 (Bankr. S.D.N.Y. 2018).

Bankruptcy Courts also have the inherent power and discretion to impose sanctions on a party's counsel for "misconduct by an attorney that involves that attorneys' violation of a court order." United States v. Seltzer, 227 F.3d 36, 42 (2d Cir. 2000); *In re* Markus, 78 F.4th at 565 ("[B]ankruptcy courts [may] impos[e] non-nominal civil contempt sanctions pursuant to their inherent authority."); *see also* Palmer v. Simon's Agency Inc., 833 Fed. App'x. 838, 839 (2d Cir. 2020) (holding "courts have the inherent power to sanction attorneys" for "violations of court

orders") (quotations omitted). Those sanctions include imposition of attorneys' fees, expenses, and other monetary sanctions while non-compliance with a court order continues. *See In re* Markus, 78 F.4th at 562, 570 (affirming attorneys' fees and daily monetary sanction against attorney during non-compliance); *In re* Lehman Bros., 2013 WL 6283572, at *4–5 (awarding civil contempt sanctions in the form of attorneys' fees and costs); *In re* Stockbridge Funding Corp., 145 B.R. 797, 813 (Bankr. S.D.N.Y. 1992) (imposing monetary sanctions against law firm representing litigants), *aff'd in part, vacated in part*, 158 B.R. 914 (S.D.N.Y. 1993). As noted in the Statement, the Second Circuit recently held in a different case—in ruling against Mr. Rosellini specifically—that "a finding of bad faith is NOT a necessary predicate to the issuance of a sanctions order under the Court's inherent powers." *See* Statement of United States Trustee Re: Mot. to Reconsider, Case No. 19-23120-shl, ECF No. 35. (quoting *In re* Alba Sanchez, 790 F. App'x 293, 295 (2d Cir. Oct. 30, 2019)).

As of October 7, 2024, Mr. Rosellini has been paid $0.00 for this case. *See* Disclosure of Compensation of Attorney for Debtor, Case No. 24-22488-cgm, ECF No. 22. To the extent Mr. Rosellini has been paid any amounts for his legal services in connection with this case, the Court orders Mr. Rosellini to disgorge any fees received. Any compensation received would far exceed the value of legal services provided by Mr. Rosellini on behalf of Debtor. Mr. Rosellini must submit an

Page **16** of **19**

affidavit listing any and all attorney's fees incurred since October 7, 2024 within seven (7) days of the issuance of this ruling. Mr. Rosellini shall return any such fees to the Debtor by cashier's check, bank check, or money order made payable to Debtor by no later than thirty (30) days from the date of this ruling.

An improperly filed bankruptcy petition is not only highly prejudicial to the Debtor, but is also highly prejudicial to creditors and is a serious drain on the limited resources of the Chapter 13 Trustee and this Court.

Since Mr. Rosellini may not have been paid for his minimal work in this case, disgorging attorney's fees alone will likely not be effective at deterrence. Thus, this Court finds it appropriate to sanction Mr. Rosellini in the amount of $2,000. Mr. Rosellini shall pay such sanctions to the Legal Aid Society of Rockland County, at 2 Congers Road, New City, NY 10956 by cashier's check, bank check or money order by no later than thirty (30) days from the date of this ruling. Mr. Rosellini shall file an affidavit of compliance with this Court documenting such payment to the Legal Aid Society of Rockland County, no later than sixty (60) days from the date of this ruling. Mr. Rosellini shall forward a photocopy of the cashier's check, bank check or money order to the United States Trustee and Clerk of the Bankruptcy Court, so that the photocopy is received in such offices by no later than ninety (90) days from the date of this ruling.

In addition, this Court finds it appropriate to refer Mr. Rosellini to the Southern District of New York grievance committee ("Grievance Committee") chaired by the Honorable Katherine Polk Failla. Per the terms of the Redzeposki Order, Mr. Rosellini was warned that he would be reported to the Grievance Committee the next time he fails to provide proper documentation timely. There are serious and legitimate concerns about Mr. Rosellini's intent to comply with any court order. Therefore, to ensure Mr. Rosellini does not waste this Court's time or resources by filing skeletal petitions with no intent to prosecute his client's cases pending a decision from the Grievance Committee, this Court finds it necessary and appropriate to bar Mr. Rosellini from filing any further petitions in this Court unless and until the Grievance Committee issues a ruling.

The Court finds that such sanctions are appropriate considering all the facts and circumstances, including as set forth in the Motion for Order to Show Cause, the Opposition, the letters filed on October 9, 2024, and the Statement, which demonstrate Mr. Rosellini's blatant disregard for the letter and spirit of the Bankruptcy Rules and Bankruptcy Code, as well as of this Court's prior orders.

## Conclusion

For the foregoing reasons, the Chapter 13 Trustee's Motion for Order to Show Cause is granted and sanctions are imposed as outlined above. The Chapter 13 Trustee shall submit an order granting relief in accordance with this ruling within

fourteen (14) days of the issuance of this decision, directly to chambers (via E-Orders). Mr. Rosellini must submit an affidavit, directly to chambers, listing any and all attorney's fees incurred since October 7, 2024, within seven (7) days of the issuance of this decision. Mr. Rosellini shall file an affidavit of compliance with this Court documenting payment of $2,000 to the to the Legal Aid Society of Rockland County, at 2 Congers Road, New City, NY 10956, no later than thirty (30) days from the date of this ruling. Mr. Rosellini shall forward a photocopy of the cashier's check, bank check or money order to the United States Trustee and Clerk of the Bankruptcy Court, showing payment of $2,000 to the Legal Aid Society of Rockland County, so that the photocopy is received in such offices by no later than ninety (90) days from the date of this ruling. Mr. Rosellini shall not file further petitions in this Court unless and until the Grievance Committee issues a ruling.



**Dated: February 19, 2025**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**