# UNITED STATES BANKRUPTCY COURT
# FOR THE
# SOUTHERN DISTRICT OF NEW YORK

KENNETH ROSELLINI, ESQ. (6047)
636A Van Houten Avenue
Clifton, New Jersey 07013
(973) 998-8375  Fax (973) 998-8376

Return Date & Time:
April 9, 2025 at 9:00 AM

In Re:                                              :
                                                    : Case No.: 24-22488-cgm
    Agustin Mejia,                              :
                                                    :
           Debtor.                        : Chapter 13
                                                    :

**AFFIRMATION OF KENNETH ROSELLINI, ESQ.**

**KENNETH ROSELLINI, ESQ.**, hereby declares as follows:

1. I am Kenneth Rosellini, Esq. in the above-captioned matter.

2. I am fully familiar with the facts set forth below.

3. I make this affirmation in support of my motion for thhe entry of an Order Altering or Amending this Court's March 4, 2025 Order (Docket Entry 29) pursuant to Federal Rule of Bankruptcy Procedure 9023 of the Federal Rules of Bankruptcy Procedure, for Relief from this Court's March 4, 2025 Order (Docket Entry 29) pursuant to Federal Rule of Bankruptcy Procedure Rule 9024, for Re-argument of this Court's March 4, 2025 Order (Docket Entry 29) pursuant to Local Rule of Bankruptcy Procedure 9023-1, and for a Stay of this Court's March 4, 2025 Order (Docket Entry 29) pursuant to Federal Rule of Bankruptcy Procedure Rule 8005.

4. Relief from an Order of Bankruptcy may be had pursuant to the Federal Rules of Bankruptcy Procedure, which incorporate the applicable Federal Rules of Procedure.

> [L]litigants may seek relief from an order of the bankruptcy court under Federal Rules of Civil Procedure 59 or 60, made applicable to bankruptcy cases through the Federal Rules of Bankruptcy Procedure 9023 and 9024, respectively.

See *In re BlockFi, Inc.*, 2024 Bankr LEXIS 1168, at *5 [Bankr DNJ May 16, 2024, No. 22-19361 (MBK)])

5. I respectfully move pursuant to "**(e) Motion to Alter or Amend a Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment" of USCS Fed Rules Civ Proc R 59, and **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party [and] **(6)** any other reason that justifies relief." Of USCS Fed Rules Civ Proc R 60.

6. Federal Rules of Civil Procedure1 59(e) is incorporated into bankruptcy practice by Fed. R. Bankr. P. 9023.

7. A motion to alter or amend a judgment pursuant to F. R. Civ. P. 59(e) may be "(3) to correct manifest errors of law or fact upon which the judgment is based, or (4) to prevent manifest injustice." *See Martin v. Enron Corp.* (In re Enron Creditors Recovery Corp.), 378 B.R. 54, 56-57 (Bankr. 2007) (citations omitted).

8. The rule may be invoked when the ruling court overlooked matters or controlling decisions which, if it had considered them, might reasonably have impacted the Court's decision. *See Houbigant, Inc. V. ACB Mercantile, Inc.* (In re Houbigant), 190 B.R. 185, 187 (Bankr. S.D.N.Y. 1996).

9. The within motion meets this standard, as this Court overlooked matters or controlling decisions which, if it had considered them, might reasonably have impacted the Court's decision.

10. I also move pursuant to Re-argument of this Court's March 4, 2025 Order (Docket Entry 29) pursuant to Local Rule of Bankruptcy Procedure 9023-1, which provides that:

(a) A motion for reargument of a court order determining a motion must be served within fourteen (14) days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. The motion must set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re- argued orally. (b) The expense of any party in obtaining all or any part of a transcript for purposes of a new trial or for amended findings may be a cost taxable against the losing party

11. I also move for a Stay of this Court's March 4, 2025 Order (Docket Entry 29) pursuant to Federal Rule of Bankruptcy Procedure Rule 8005.

12. The decision as to whether or not to grant a stay of an order pending appeal lies within the sound discretion of the court. *See, e.g., General Motors*, 409 B.R. at 30 [**21] ; *In re New York Skyline, Inc.*, 520 B.R. 1, 5 (S.D.N.Y. 2014). As the District Court held in *ACC Bondholder Grp. v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.)*, 361 B.R. 337, 346 (S.D.N.Y. 2007) ("*Adelphia*"), the court must consider four factors in exercising this discretion: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interest that may be affected." *See also Sabine Oil & Gas Corp.*, 548 B.R. 674 (Bankr. S.D.N.Y. 2016).

*See Sabine Oil & Gas Corp. v HPIP Gonzales Holdings, LLC (In re Sabine Oil & Gas Corp.)*, 551 BR 132, 142 (Bankr SDNY 2016).

13. This Court references the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012, which state in pertinent part that:

If a bankruptcy judge or district judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under this order and determined to be a core matter, the bankruptcy judge shall, unless otherwise ordered by the district court, hear the proceeding and submit proposed findings of fact and conclusions of law to the district court.

14. Citing this as authority for its Opinion indicates that this Court has determined that the subject order, "would not be consistent with Article III of the United States Constitution", yet there is no discussion of this determination in the Court's Order or Opinion.

15. As the Court's Order is not consistent with Article III of the United States Constitution, it should be vacated, as it is merely a recommendation to the District Court, and not an enforceable Order under Article III of the Constitution for the United States of America. *See Stern v. Marshall*, 564 U.S. 462 (2011).

16. This is at the outset appears contradictory to the Court's citing that this is ""core proceeding" under 28 U.S.C. § 157(b)(2)", which states in pertinent part:

> Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.
>
> **(2)** Core proceedings include, but are not limited to:

**(2)** Core proceedings include, but are not limited to—

**(A)**

matters concerning the administration of the estate;

**(B)**

allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

**(C)**

counterclaims by the estate against persons filing claims against the estate;

**(D)**

orders in respect to obtaining credit;

**(E)**

orders to turn over property of the estate;

**(F)**

proceedings to determine, avoid, or recover preferences;

**(G)**

motions to terminate, annul, or modify the automatic stay;

**(H)**

proceedings to determine, avoid, or recover fraudulent conveyances;

**(I)**

determinations as to the dischargeability of particular debts;

**(J)**

objections to discharges;

**(K)**

determinations of the validity, extent, or priority of liens;

**(L)**

confirmations of plans;

**(M)**

orders approving the use or lease of property, including the use of cash collateral;

**(N)**

orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

**(O)**

other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and

**(P)**

recognition of foreign proceedings and other matters under chapter 15 of title 11.

17. But none of these listed core proceedings is cited by the Court with respect to 28 U.S.C. § 157(b)(2), which is a further indication that the court lacks jurisdiction under both Article III of the Constitution for the United States of America, or has neglected to explain the basis for its Constitutional authority under Article III and its basis for statutory authority under 28 U.S.C. § 157(b)(2).

18. The Court also cites 28 U.S. Code § 157(a) as a basis for its jurisdiction, but this section merely states, "(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."

19. The also cites 28 U.S. Code § 1334(a) as the basis for its jurisdiction, but this section merely states, "(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11."

20. The Court further cites *Luan Inv. S.E. v Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F3d 223, 230 (2d Cir 2002), that "A bankruptcy court retains post-confirmation jurisdiction to interpret and enforce its own orders, particularly when disputes arise over a bankruptcy plan of reorganization", as the basis for its jurisdiction, but the within matter does involve jurisdiction with respect to a "post-confirmation" case, and is therefore inapposite to the within case.

21. The Bankruptcy Court finds that I filed on behalf of the debtor, "a substantially deficient petition" and that I "failed to attach the required documentation by June 17, 2024, the deadline for incomplete filings. In fact, Mr. Rosellini never filed the required documentation to adequately represent Debtor in a chapter 13 case", the court also finds that the motion I filed to extend time to file schedules was "untimely", citing F.R.B.P. 1007 (c).

22. The applicable rule for filing for an extension of time to file schedules is within 45 days of the filing of the petition is 11 U.S.C. §521(i)(3) [not cited by the Court], which states:

> **(3)** Subject to paragraph (4) and upon request of the debtor made within 45 days after the date of the filing of the petition described in paragraph (1), the court may allow the debtor an additional period of not to exceed 45 days to file the information required under subsection (a)(1) if the court finds justification for extending the period for the filing.

23. Therefore, I did file within 45 in accordance with the applicable law, and the motion was timely, as nothing in the statute indicates it is untimely if not filed within the initial 14 days pursuant to F.R.B.P. 1007 (c) (while this provision does address filing for an extension within 14 days, my experience has been that a motion filed pursuant to 11 U.S.C. §521(i)(3) is sufficient, which is the section of the statute under which I filed the subject motion), and I have had such motions heard and granted in which I filed after 14 days and before 45 days before other bankruptcy court judges.

24. I have also filed schedules and plans in other bankruptcy cases within the 45 days without requesting an extension under F.R.B.P. 1007 (c), which have always been accepted by the Court without objection by the Trustee as filed timely.

25. It is respectfully submitted, therefore, that this is not unethical conduct, but a recognition of the bankruptcy court's authority and discretion with respect to those rules of procedure, unlike the 45 day provision under 11 U.S.C. §521(i)(3) which provides the Court with no discretion, but for which some Court's have improperly attempted to circumvent (such as the Court in *In re Scanlan*).

26. While the court refers to a "deficient" filing, the Court fails to acknowledge that such petitions are permissible to be filed in the Second Circuit, and the filing met the requirements for a bankruptcy filing, which is why the petition was accepted by the Clerk of the Bankruptcy Court for filing, with the deficiency notices being issued under 11 U.S.C. §521(i)(3).

27. Nothing in the record indicates I could have filed the subject schedules on behalf the debtor within 14 days, or any other time, as the subject schedules and documents require the Debtor's signature approval and verification.

28. I subsequently withdrew the motion to extend time to file schedules, and filed an application for dismissal.

29. After careful consideration, Debtor, qualified as a Chapter 13 Debtor, voluntarily dismissed this bankruptcy petition in this case, the Debtor's first and only bankruptcy filing, to continue to pursue preservation of Debtor's assets through litigation and negation in state court proceedings, which is Debtor's right under the Bankruptcy Code to dismiss a Chapter 13 Petition. *See Barbieri v. RAJ Acquisition Corp. (In re Barbieri)*, 199 F.3d 616 (2d Cir. 1999); Procel v. United States Tr. (In re Procel), 467 BR 297 (SDNY 2012).

30. I currently represent the Debtor in New York Supreme Court Proceedings, and recently filed an Appellate Brief and Appendix in the Debtor's related residential foreclosure case: U.S. BANK NATIONAL ASSOCIATION, Plaintiff, -against BARTOLO LEAL, FERNANDO LEAL, VICTORINA MEJIA, AGUSTIN MEJIA, , et al., Index No.: 63500/2018 (Westchester County) and U.S. Bank National Association v Mejia 24-06721 (New York State Supreme Court, Appellate Division, Second Department).

31. As the Debtor's right to dismissal in Chapter 13 is absolute under *Barbieri v. RAJ Acquisition Corp. (In re Barbieri)*, 199 F.3d 616 (2d Cir. 1999); Procel v. United States Tr. (In re Procel), 467 BR 297 (SDNY 2012), it is common practice in bankruptcy courts to dismiss the case upon the application, without a hearing or oral argument of any kind.

32. A voluntary application by a debtor to dismiss a Chapter 13 bankruptcy can be granted without a hearing. According to § 1307 Conversion or dismissal, a debtor has the right to

request dismissal of their Chapter 13 case at any time, provided the case has not been converted from another chapter.

33. The statute uses the term "shall" indicating that the court must dismiss the case upon the debtor's request. *See Rosson v Fitzgerald (In re Rosson)*, 545 F3d 764, 771 (9th Cir 2008).

34. Additionally, Federal Rule of Bankruptcy Procedure 1017(a) generally requires a hearing for dismissals, but voluntary dismissals under § 1307(b) are specifically excepted from this requirement:

> Fed. R. Bankr. P. 1017(a) (emphasis added). Thus, generally a court may not dismiss a case without conducting [**13] a hearing on notice. However, voluntary dismissal under § 1208(b) or § 1307(b) is specifically **excepted** from the notice and hearing requirements, thereby suggesting that the debtor's right to dismiss a chapter 12 and 13 case is absolute.

See *In re Parker*, 560 BR 732, 737 (Bankr ED Tenn 2016).

35. The Court's Opinion refers to discussions held on the record by the Chapter 13 Trustee on the Debtor's motion hearing date on the motion to extend time to file schedules on Augus 28, 2025, but the motion was withdrawn, and the application to dismiss required no hearing.

36. The communications between the Chapter 13 Trustee and the Court, therefore, may have been an improper *Ex Parte* communication under FRBP 9003.

37. The discussion without me present on issues that were not before the Court, was improper under applicable bankruptcy procedure:

> The wisdom of *Taragan* and *Rauch* is doubly apparent in bankruptcy practice. Hearings are more common in that specialized field. *See* 11 U.S.C. § 102(1). Moreover, the number of interested parties in even the most mundane bankruptcy can exponentially exceed the number of litigants in a common civil action. If we disregarded the teaching of *Taragan* and *Rauch*, it would be a relatively simple matter for a party to use the fortuity of a hearing, and of a party's absence, to advance an unrelated motion orally, a tactic that speakers of standard English could fairly describe with the word *ambush*.

*See In re Bistrian*, 184 BR 678, 683 (ED Pa 1995).

38. It is clear that the issues for which a hearing has been scheduled must be the only issues determined by the proceeding, and in particular unrelated oral motions made during the hearing will not be considered. Cf In re Bistrian, 184 B.R. at 682-683. To decide otherwise "could create institutional chaos for the bankruptcy court . . . [as w]ritten motions also allow the court to engage in its own research and analysis in advance of the hearing." See In re Bistrian, 184 B.R. at 682-683.

39. With respect to the matter of *In re Scanlan*, S.D.N.Y., 23-23120 (SHL), which the Court continues to cite against me, the Court neglects to indicate that the Debtor had actually entered into a mortgage modification agreement prior to the dismissal of that case, and therefore there was no purpose to continuing that Bankruptcy matter, which was again filed in good faith, as the Debtor qualified to pursue a Chapter 13 Petition with income, it was the Debtor's first filing, and the petition was filed for a legitimate bankruptcy purpose to reorganize mortgage debt, which was accomplished prior to the case being closed, and the foreclosure judgment was ultimately vacated as set forth in the relevant state court order: (https://iapps.courts.state.ny.us/nyscef/ViewDocument?docIndex=fP9uJhw7JWZ4QOBClmYVcA==) (Wells Fargo v. Scanlan, . Index No: 20118/08, Supreme Court of New York, Westchester County (Document No. 7).

40. Despite the fact that this case was automatically dismissed on July 21, 2019 pursuant to §521(i)(1), and if the Trustee wished to obtain an order for dismissal could have requested one pursuant to §521(i)(2), inexplicably, the Chapter 13 Trustee filed a motion for dismissal pursuant to 11 U.S.C. §1307(c) on September 20, 2019 (see docket entry number 11) for an October 30, 2019 return date.

41. I did not oppose the motion as the case was already automatically dismissed on July 21, 2019, and the Debtor wished to have the case dismissed, as is his absolute right as a Chapter 13 Debtor. As the Chapter 13 Trustee sought relief which had already occurred by operation of statute and the motion was moot when it was filed, there was no reason to oppose the motion on the return date.

42. Federal Bankruptcy Rule 9014 does not require that I appear and contest a motion that I do not oppose.

43. As I have appeared in this court on other bankruptcy matter successfully in this vicinage before the Honorable Sean H. Lane, U.S.B.J. (see In re Damasco, Docket No.: 11-13261-shl, Chapter 7 Discharge), and also previously was not required to appear at a hearing on a motion to dismiss by the Chapter 13 Trustee for failure to file schedules before Judge Lane where I did not oppose the motion on behalf of the debtor (see In re Anselmo Medina, Docket No.: 13-11312-shl), I had no reason to believe that my appearance would be required on the October 30, 2019 return date

44. That Court was actually disregarding the statutory requirements of the bankruptcy code by considering ordering the filing of schedules after 45 days without a motion to extend having been filed, and I cited this Court's opinion in that case:

> The automatic dismissal provision in Section 521(i) is intended to ensure that debtors comply with the statutory requirement to assist a Chapter 7 trustee with the production of documents necessary for the administration of the estate. If an individual Chapter 7 or 13 debtor fails to file all the documents required by Section 521(a)(1) within 45 days after the date of the filing of the petition, Section 521(i)(1) states that "the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition." Section 521(i)(1) indicates that such automatic dismissal is "subject to" Section 521(i)(2) and (4).

*See In re Tay-Kwamya*, 367 BR 422, 424 (Bankr SDNY 2007)

45. The Court indicates that "Mr. Rosellini has been properly sanctioned on numerous occasions for failing to adequately represent his clients", but in fact cites not a single case in which my clients complained about my representation, that I could have filed schedules under the circumstances of those cases or did not file them against the wished of my clients, or whether it was in the client's best interest in representation for the cases to be dismissed in the course taken.

46. The Court does cite cases, such as *In re Scanlan*, in which there was a proper bankruptcy purpose in filing, that the Debtor accomplished the goal in that case prior to dismissal, which was to obtain a modification of his residential mortgage, and that it was the Court that acted improperly in attempting to keep the case open in violation of both the applicable statute and the absolute right of the Debtor to dismiss the bankruptcy proceeding.

47. I moved to dismiss that case in accordance with the Debtor's absolute right to dismiss a Chapter 13 bankruptcy case, and as a loan modification was already entered into, there was no bankruptcy purpose to continuing that case.

48. In fact, it was the Court that acted improperly, in considering ordering the filing of schedules in a case in which the Debtor had asserted the absolute right of dismissal, and the 45 day time period for extending the time to file schedules had expired.

49. The Court in the within case indicates that:

The Redzeposki Order must be clear and unambiguous to hold Mr. Rosellini in contempt of court for violating it. *Rushmore*, 2016 U.S. Dist. LEXIS 3492 at *15. The Redzeposki Order provided the following language:

> The Court also directed Mr. Rosellini to appear within 14 days the next time he files a petition without the proper documentation. Mr. Rosellini was warned that he

> will be reported to the grievance committee next time he fails to provide proper documentation timely.

See Order Directing Attorney's Fees Disgorged, Case No. 22-22327-cgm, ECF No. 30.

50. The Order is in fact ambiguous, as it does not provide the mechanism by which I must appear within fourteen days, does not specify what "a petition without proper documentation" is, as the petitio filed in this case satisfies the minimum requirements for the filing of a bankruptcy petition, and the Debtor exercised the absolute right to dismiss the petition.

51. As I set forth in opposition to the motion for sanctions, I have sought to avoid filing emergency petition in light of the Bankruptcy Case of In re Badusha Redzeposki, in Case No.: 22-22327 (SDNY), and believed it would be legal malpractice if I did not file one in the within case under the circumstances.

52. I therefore, indicated to the Court that to the extent that my appearance in this case is alleged to have violated this Court's prior order, I certainly did not knowingly or intend to do so, and would have filed an appropriate motion or made an appropriate appearance to address the Order in In re Badusha Redzeposki, in Case No.: 22-22327 as it applies to this case or any other future case in which I appear in this Bankruptcy Court.

53. As the Court acknowledges, "The Opposition prays the Court will find it convincing that Mr. Rosellini "did not recall when filing this case that there was a provision or reference at a hearing in th[e] [*Redzeposki*] case which might apply to any future case." It does not."

54. If there is no provision that the Order might apply to any future case, and the Court acknowledges that "It does not", how can that not be considered to be ambiguous?

55. The Court further issues sanction in the form of temporary suspension of my ability to practice law in the Southern District of New York and the referral for Southern District of New York grievance committee ("Grievance Committee") chaired by the Honorable Katherine Polk Failla.

56. Significantly, there is no authority cited for these sanctions in the cases cited by the Court.

57. While §105 does grant bankruptcy courts the power to issue any order necessary to carry out the provisions of the Bankruptcy Code, which includes the authority to prevent abuse of process and to regulate the conduct of attorneys appearing before them, the exercise of this inherent power is not unlimited.

58. The Second Circuit has recognized that while bankruptcy courts have inherent sanctioning powers, including the power to impose relatively minor non-compensatory sanctions on attorneys, the imposition of more substantial punitive sanctions requires a factual finding of bad faith.

> In sum, we hold that a bankruptcy court's inherent sanctioning authority includes the power to impose civil contempt sanctions in non-nominal amounts to compensate an injured party and coerce future compliance with the court's orders. We also hold that when, as here, a bankruptcy court imposes civil contempt sanctions pursuant to its inherent authority for the misconduct of an attorney acting on behalf of a litigant (that is, in his role as an advocate), the court must find that the attorney acted willfully or in **bad faith** and that the *King* factors have been established.

*See Worms v Rozhkov (In re Markus)*, 78 F.4th 554, 570 (2d Cir 2023)

59. In the within matter, there was no finding of bad faith, in fact there was no bad faith, and the sanctions issued by the Court are outside its authority for issuing sanctions without a finding a bad faith, particularly where, as here the sanctions were issued against me in my role as an advocate for my client, to exercise the right to file an emergency bankruptcy petition (this

Debtor's first ever such petition, so there was no history or intent not to proceed, and I in fact thought the case would proceed with schedules or I would not have filed it under the circumstances), and then exercising the absolute right of dismissal.

60.     While Court's may assert they have the inherent power to suspend or disbar attorneys appearing before them, that is not the rules and procedures in the Southern District of New York, as the local district rules for attorney discipline in the Eastern and Southern Districts of New York provide specific procedures for prohibiting an attorney from practicing in either the district or bankruptcy courts, which include review by a grievance committee and consideration of various disciplinary actions:

> In the Eastern and Southern Districts of New York, local district rules for attorney discipline provide the mechanics by which an attorney may be prohibited from practicing in either the district or bankruptcy courts. *See* SDNY and EDNY Joint Local Civil Rule 1.5, Discipline of Attorneys (providing for a **grievance** committee to review and consider reprimand, admonition, censure, suspension or an order striking the [*68] name of the attorney from the roll of attorneys admitted to practice before these courts).

See *In re Chan*, 556 BR 61, 67-68 (Bankr EDNY 2016).

61.     This indicates that there are established mechanisms and procedural safeguards in place for challenging disciplinary actions taken by bankruptcy courts.

62.     Other federal courts have recognized that where a procedure is in place, the exercise of inherent authority would be improper, even if the court has such authority:

> This Court has the authority under its inherent powers to render such a decision. *See Price v. Lehtinen (In re Lehtinen),* 564 F.3d 1052 (9th Cir. 2009). However, in this District, local rules governing sanction or discipline in the nature of disbarment require this Court to make a report [**3] and recommendation to the district court for the initiation of disciplinary proceedings, and such rules establish the process to be followed. *See* LBR 9010.1(h); Dist. Idaho Loc. Civ. R. 83.5. This Decision not only addresses the UST's Sanction Motion, it also provides the details supporting such a report and recommendation. **1**

See *In re Brown*, 408 BR 509, 512 (Bankr D Idaho 2009).

63. I also wish to note that, as set forth above, this matter involves complex issues of law and fact, and that I was denied a one cycle extension to response to the within motion, while the Court appears to have needed months to research and address the issues addressed in its opinion and order, demonstrating that these issues require further consideration by the Court on the within motion.

64. During the motion oral argument, I orally moved for a stay of the Court's decision pending appeal, which the Court indicated it would deny, but the Order and Opinion do not contain any language addressing the stay request or denial.

65. Therefore I am renewing this motion at this time.

> The decision as to whether or not to grant a stay of an order pending appeal lies within the sound discretion of the court. *See, e.g., General Motors*, 409 B.R. at 30 [**21] ; *In re New York Skyline, Inc.*, 520 B.R. 1, 5 (S.D.N.Y. 2014). As the District Court held in *ACC Bondholder Grp. v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.)*, 361 B.R. 337, 346 (S.D.N.Y. 2007) ("*Adelphia*"), the court must consider four factors in exercising this discretion: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interest that may be affected." *See also Sabine Oil & Gas Corp.*, 548 B.R. 674 (Bankr. S.D.N.Y. 2016).

*See Sabine Oil & Gas Corp. v HPIP Gonzales Holdings, LLC (In re Sabine Oil & Gas Corp.)*, 551 BR 132, 142 (Bankr SDNY 2016).

66. I will suffer irreparable harm absent a stay, as I will be unable to represent clients of mine that require bankruptcy protection in connection with there foreclosure cases, and my temporary suspension without finding a basis for the suspension in any Rule of Professional Conduct, does damage to my reputation as an attorney.

67. No party will suffer substantial injury if the stay is issued, as this Court will continue to have its inherent authority to sanction me for any violations of court orders or rules of procedure if it finds misconduct, and I am agreeable and on notice to following the letter and spirit

of the subject orders in good faith, which I represent I will do in light of the Court's opinion, which has provided clarity as to the ambiguities in the prior subject order.

68. I have demonstrated a substantial possibility, although less than a likelihood, of success on appeal, as expressed above, there are substantial issues as to the Constitutionality of the Court's jurisdiction, the ambiguousness of the order, that it was issued without a finding of bad faith though it sanctions conduct in which I advocated for my client, and is outside the scope of the Court's inherent authority where there are existing procedures in place ethics review (particularly where there are no ethical rules cited which I violated), and there is a genuine issues as to whether the sanction was issues improperly in the face of my asserting a debtor's absolute right to dismiss their case (the debtor's first filing in this instance).

69. The public interest may be affected, in that attorneys who advocate for their clients' absolute right for dismissal of their Chapter 13 bankruptcy may be deterred for proceeding for fear of suspension of their practice of law in bankruptcy court, and there is a public interest in the bankruptcy court not exceeding its authority under statute and the Constitution for the United States of America.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

Dated: March 18, 2025

_____
KENNETH ROSELLINI, ESQ. (6047)
636A Van Houten Avenue
Clifton, New Jersey 07013
(973) 998-8375  Fax (973) 998-8376