UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                             Chapter 13

Agustin Mejia,                                                                Case No. 24-22488 (CGM)

                          Debtor.
------------------------------------------------------------x

## ORDER DENYING RECONSIDERATION OF MEMORANDUM DECISION GRANTING THE CHAPTER 13 TRUSTEE'S MOTION FOR CONTEMPT

On March 18, 2025, Kenneth Rosellini (Mr. Rosellini) filed a motion for reconsideration ("Motion") [ECF No. 31] of the Court's Memorandum Decision Granting The Chapter 13 Trustee's Motion For Contempt, which was entered on February 19, 2025 ("Contempt Memorandum Decision") [ECF No. 27] and the subsequent Order Granting the Chapter 13 Trustee's Motion for Order to Show Cause and Imposing Sanctions Upon Debtor's Counsel Kenneth Rosellini, Esq., which was entered on March 4, 2025 [ECF No. 29] (collectively hereinafter "Sanctions Order").

The Motion sets forth various legal arguments, some of which include recycled legal arguments that were unsuccessful before the Second Circuit, and all of which fail. *See* Rosellini v. United States Bankr. Court (*In re* Sanchez), 790 F. App'x 293 (2d Cir. 2019).

The Motion claims that because Mr. Rosellini did not appear at the August 28, 2024 hearing, any discussions had on the record at said hearing are "ex parte" communications in violation of Federal Rule of Bankruptcy Procedure ("FRBP") 9003. *See* Motion ¶¶ 35–37. Discussions taking place during a scheduled Court hearing do not constitute "ex parte" communications merely because Mr. Rosellini failed to appear and Mr. Rosellini provides no legal authority to the contrary. Mr. Rosellini then claims that the Chapter 13 Trustee improperly made

an oral motion on an unrelated matter (*i.e.*, for sanctions) at the August 28, 2024 hearing. *See id.* ¶¶ 37–38. It is undisputed that the Chapter 13 Trustee moved for sanctions in a *written* motion for sanctions ("Sanctions Motion") on September 18, 2024 that was properly noticed and duly served with a hearing date of October 9, 2024. *See* Sanctions Motion [ECF No. 17]; *see also* Affirmation in Opposition to Motion to Reconsider Filed by Kenneth Rosellini, Esq. ¶ 16 [ECF No. 32] ("Affirmation in Opposition").

Mr. Rosellini presents no meritorious argument that would sustain his burden to overturn the Bankruptcy Court's Sanction Order and, therefore, fails to satisfy Federal Rules of Civil Procedure ("FRCP") 59 and 60, made applicable in bankruptcy under the FRBP 9023 and 9024, respectively.

Mr. Rosellini's first argument under FRCP 59(e) is that the Sanctions Order should be altered or amended to "correct manifest errors of law or fact upon which the [Sanctions Order] is based" or, in the alternative, "to prevent manifest injustice." *See* Motion ¶¶ 5, 7. FRCP 59(e) may be invoked when the ruling court overlooked matters or controlling decisions which, if it had considered them, might reasonably have impacted the Court's decision. *See id.* ¶ 8 (citations omitted). Mr. Rosellini fails to set forth in his Motion, in any way whatsoever, what matters or controlling decisions the Court did not consider. Instead, Mr. Rosellini conclusively states that he meets the standard to alter or amend a judgment under FRCP 59(e) by restating the language of FRCP 59(e) without providing any evidence in connection therewith.

Next, Mr. Rosellini argues for reconsideration of the Sanctions Order under FRCP 60(b)(3) or, alternatively, under 60(b)(6). *See id.* ¶ 5. A court may relieve a party from a judgment under FRCP 60(b)(3) for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party" and under FRCP 60(b)(6) for "any other reason that justifies

relief." Fed. R. Civ. Pro. 60(b)(3). Mr. Rosellini provides no evidence of fraud, misrepresentation or misconduct, nor any other reason that would justify relief from the Sanctions Order. While Mr. Rosellini expounds upon tangential arguments, he does not set forth any grounds upon which reconsideration can be granted under FRCP 60(b)(3) or FRCP 60(b)(6). Rather, Mr. Rosellini is attempting to relitigate matters that have already been decided in a separate case, *In re* Scanlan, S.D.N.Y, 23-23120 (SHL). *See* Motion at pp. 10–12.

Finally, the Motion spends over three (3) pages arguing that the Court lacked jurisdiction to enter the Sanctions Order and that the Sanctions Order is unenforceable under Article III of the United States Constitution. *See id.* at pp. 3–6. The Court refers to the first two (2) paragraphs of the Contempt Memorandum Decision for its jurisdictional authority to enter and enforce the Sanctions Order and section two (2), paragraphs two (2) through four (4) of the Contempt Memorandum Decision for its inherent authority and discretion to impose such sanctions.

Accordingly, it is hereby **ORDERED** that the Motion requesting reconsideration of the Contempt Memorandum Decision be denied and the Contempt Memorandum Decision be enforced in all respects.

**IT IS SO ORDERED.**



**Dated: April 4, 2025**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**